[Cite as *State v. Hairston*, 2016-Ohio-7511.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-220 |
| | | (C.P.C. No. 14CR-6186) |
| Jonathan L. Hairston, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 27, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee. **Argued:** *Sheryl L. Prichard.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Jonathan L. Hairston is appealing from his conviction on aggravated murder with a gun specification and related charges. He assigns a single error for our consideration:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED MURDER; MURDER; AND HAVING WEAPONS UNDER DISABILITY AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Hairston and Terrence Pyfrom got into a fight at Club Turbulence on the eastside of Columbus. Hairston got a pistol from his car, but initially did not use it.

{¶ 3} Hairston and Pyfrom resumed the dispute after a brief break. Hairston again got a pistol from his car and shot Pyfrom. Pyfrom's girlfriend, Montoya Rogers, was able to drive to Pyfrom's body and witnessed Hairston drive up to the body and then shoot Pyfrom again. Pyfrom died from gunshot wounds to the chest and head.

{¶ 4} Tiffany Missouri testified at the trial and considered herself a friend of Jonathan Hairston. As a result, she initially denied seeing the shooting when questioned by police. A day later, she acknowledged witnessing the shooting and stated to police that Hairston was the shooter.

{¶ 5} At trial, Hairston acknowledged being at Club Turbulence that night, but denied being the shooter. Defense counsel called William Silverman as a witness at trial and Silverman testified that he saw someone shoot from the middle of Cassidy Avenue, a nearby street.

{¶ 6} In its rebuttal case, the state of Ohio called Columbus Police Detective Larry Wilson, who claimed that Hairston had admitted shooting Pyfrom but claimed the shooting was in self-defense.

{¶ 7} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 8}   Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.  *Thompkins* at 387.  In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995).  Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' "  *Thompkins* at 387.

{¶ 9}   As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence."  *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).  It was within the province of the jury to make the credibility decisions in this case.  *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 10} *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 11}  The evidence clearly demonstrated that Hairston shot Pyfrom in the head and chest killing him.  Thus, the evidence clearly demonstrated that Hairston purposely caused the death of Pyfrom, the elements of murder as defined in R.C. 2903.02.

{¶ 12} For Hairston to have been guilty of aggravated murder, the state of Ohio had to prove an additional element, namely that Hairston acted with prior calculation and design.  *See* R.C. 2903.01(A).

{¶ 13}  This element was satisfied in this case by Hairston's driving up to Pyfrom's prone body and shooting him again.  The second shooting was not a matter of instantaneous deliberation.  Hairston made a conscious decision to approach Pyfrom's

prone body and shoot Pyfrom again. All the elements of aggravated murder were fully supported by the evidence. The evidence was sufficient to support the conviction and related firearm specifications.

{¶ 14} The evidence was also sufficient to support a finding that Hairston was guilty of having a firearm while under a disability, a charge which was submitted to the trial court judge as trier of fact.

{¶ 15} Looking at the charges from the perspective of manifest weight of the evidence, the jury clearly heard Hairston's denial of involvement in the shootings and discounted it. As noted earlier, Hairston told police he did in fact shoot Pyfrom, but was leaning towards a defense of self-defense at that time. Perhaps because the trial testimony indicated that he shot Pyfrom again while Pyfrom was lying wounded on the ground, Hairston did not claim self-defense when he testified at trial. Instead, he denied shooting Pyfrom at all.

{¶ 16} The jury appropriately weighed the evidence and found the state's evidence much more credible.

{¶ 17} The sole assignment of error is overruled.

{¶ 18} The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

———————————